**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:22CR-95-RGJ**
**UNITED STATES OF AMERICA,**                                                         **PLAINTIFF,**

**vs.**

**MARION TARTER,**                                                                                    **DEFENDANT.**

## MOTION TO SUPPRESS ALL EVIDENCE OBTAINED AS A RESULT OF ILLEGAL POLICE SEARCH AND REQUEST FOR HEARING

Comes the defendant, Marion Tarter, by counsel, and moves the Court pursuant to Rule 12 of the Federal Rules of Criminal Procedure, the Fourth Amendment to the United States Constitution, and applicable case law, for an order suppressing any physical and testimonial evidence obtained as a result of a search of his person conducted by the police during a traffic stop on December 14, 2021 in Mt. Washington, Ky. and also evidence obtained as a result of a search of a 2000 Chevrolet Blazer on April 8, 2022.

This motion is based on the Indictment, the records and files in the above styled action, as well as attachments. In addition, the defense incorporates the following memorandum.

### BACKGROUND

Mr. Tarter was stopped on December 14, 2021 in Mt. Washington, Ky. for the traffic violation of not having a license plate on the car he was operating (a 2000 Chevrolet Blazer). Upon being stopped by the police, Mr. Tarter was ordered out of the vehicle, and subsequently handcuffed and searched. As a result of this search, police allegedly found about 10 grams of

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

methamphetamine and a bag containing gabapentin pills. At the time of this warrantless search, Mr. Tarter contends that there was no legitimate concern for officer safety, nor concern for destruction of evidence.

Shortly after Mr. Tarter was arrested and housed in jail, on December 14th, he allegedly made a phone call which was recorded by jail authorities. During the phone call he states that "they need to get the vehicle out of impound. Have James check the engine.". He stated that the battery needed to be removed. A recording of this phone call was provided to Officer Bradley Aubin (who provided the supporting affidavit for the requested search warrant) on February 6, 2022. It is unknown how long authorities were aware of the call. For reasons unknown, Officer Aubrey did not apply for the warrant to search the Blazer, which was located on the impound lot, until April 8, 2022.

The affidavit in support of the search warrant[1] briefly details the arrest of Mr. Tarter on December 14, 2021. It notes that the defendant was stopped in the Blazer on December 14th, and ten grams of meth, along with a bag of gabapentin pills was found on his person. The only other additional evidence put forward was the above mentioned brief reference to getting the vehicle out of impound, and to check the engine/battery. There is nothing included in the warrant which would shed light on the status of the Blazer between December 14, 2021 and April 8, 2022. There is no indication of where the car was during that entire period of time or who had access to it.

Pursuant to the warrant that was issued on April 8, 2022, the police searched the Blazer, and allegedly found evidence, including methamphetamine, marijuana, two cameras, a memory stick, an SD card, a scale and some pills.

---

[1] See exhibit one

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

# A HEARING IS NECESSARY REGARDING THE ILLEGAL SEARCH AND SEIZURE OF DECEMBER 14, 2021

Mr. Tarter contends that the police did not have probable cause, or reasonable suspicion to conduct a search and seizure of his person on December 14, 2021. The search and seizure was warrantless, not consensual, and as such, was "*per se* unreasonable," subject only to a few specifically established and well delineated exceptions." *United States v. Trice,* 966F.3d 506, 512 (6th Cir. 2020) quoting *Morgan v. Fairfield Cty.*, 903 F.3d 553, 560-61 (6th Cir. 2018); *Katz v. United States*, 389 U.S. 347, 357, (1967).

Further, Mr. Tarter contends that at the time of the warrantless search of his person there was no legitimate concern for officer safety, nor concern for destruction of evidence. *See, Arizona v. Gant*, 556 U.S. 332 (2009): *Knowles v. Iowa*, 525 U.S. 113 (1998). All fruits of the illegal stop and search must also be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963). This would also include the search conducted pursuant to a warrant on April 8, 2022 which the defense believes should also be suppressed for the reasons stated below. As this motion raises an issue of fact, an evidentiary hearing is required.

# ALL PHYSICAL EVIDENCE RECOVERED ON APRIL 8, 2022 MUST BE SUPPRESSED SINCE THE SEARCH OF THE VEHICLE WAS MADE WITHOUT A VALID SEARCH WARRANT

The United States Supreme Court has held that all searches conducted pursuant to an invalid search warrant are *per se* unreasonable under the Fourth Amendment of the United States Constitution, absent the existence of a well established exception. *Katz v. United States*, 389 U.S. 347, 357 (1967). The Fourth Amendment provides that "(t)he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation,

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

and particularly describing the place to be searched, and the persons or things to be seized." U.S. Constitution, amend. IV

Once presented with an application for a search warrant, the Judge's job is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit. . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983)

The review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Berry*, 565 F. 3d 332, 338 (6th Cir. 2009). Information known to the officer, but not conveyed to the judge is irrelevant. *United States v. Pinson*, 321 F.3d 558 96th Cir 2003).

In this case, the defense submits that the search warrant of April 8, 2022 was lacking in probable cause and therefore, the search was unlawful. Further, the lack of indicia of probable cause rendered any official belief in its existence entirely unreasonable. There is no mention of drugs in the short snippet of the phone conversation from the jail on December 14, 2021. Further, there are no "code words" used which would lend support to the belief that drugs were being discussed. In short, there is no proof to establish the conversation related to any illegal conduct.

The sparse information provided is of questionable relevance due to "staleness" issues. Stale information cannot be used in a probable cause determination. *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009). Even assuming, *arguendo*, that there was probable cause at one time, the intervening four month time period, with no explanation or indication of who had possession of, or access to, the vehicle, renders such information stale. "Because probable cause to search is concerned with facts relating to a presently existing condition. . . there arises the unique problem of whether the probable cause which once existed has grown stale." *United States v. Spikes*, 158

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

F.3d 913, 923 (6th Cir. 1998). In seeking to establish probable cause to obtain a search warrant the affidavit may not employ "stale" information, and whether information is stale depends on the "inherent nature of the crime". *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)(quoting *United States v. Henson*, 848 F2d 1374, 1382 (6th Cir. 1988). In the context of drug crimes, information goes stale very quickly "because drugs are usually sold and consumed in a prompt fashion." *United States v. Frechette*, supra, at 378..

In this case, the officers had all the same information about Mr. Tarter's arrest on the day the arrest, and the phone call occurred. It would be likely, but is unknown, if the Blazer was searched in December, the night of Mr. Tarter's arrest. Mr. Tarter is heard to request that someone take custody of the car, or at least the battery. The affidavit for the warrant sheds no light on the whereabouts of the Blazer in the intervening four months, nor who had access, or tried to get access to it. Presumably, the police had access to all of Mr. Tarter's calls. No mention is made of any further request by the defendant to have someone else access it, or of any attempt by the defendant to retrieve the car once he was released on bond. It is equally likely from the scant facts provided in the affidavit, that someone did achieve access to the car, and the likelihood that the evidence sought was still in the car was dramatically reduced.

Any suggestion that the "good faith" exception under *Leon*[2] precludes suppression of evidence in this case is without merit. "A police officer does not 'manifest objective good faith in relying on a warrant' if the affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable". *United States v. Brown*, supra, at 385, *citing Carpenter*, at 595

Therefore, the evidence obtained as a result of the illegal search warrant of April 8, 2022

---

[2] *United States v. Leon*, 468 U.S. 897 (1984)

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

must be suppressed and its use precluded from any trial of the above styled matter.

**WHEREFORE**, Mr. Tarter, by counsel, moves the court to suppress all physical and testimonial evidence collected from his person on December 14, 2021, and from the 2000 Chevrolet Blazer on April 8, 2022 as such items were obtained in violation of the Fourth Amendment of the United States.

> s/ Donald J. Meier
> Assistant Federal Defender
> 200 Theatre Building
> Louisville, Kentucky 40202
> (502) 584-0525
>
> Counsel for Defendant.

## **CERTIFICATE**

I certify that a copy of the foregoing motion was served by ECF on this 12th day of December, 2022, to: Hon. Josh Porter, Assistant United States Attorney.

> s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808