UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 3:22-CR-95-RGJ
                                                                    *Electronically Filed*

MARION TARTER,                                                              DEFENDANT

## POST-HEARING BRIEF

The Defendant moves this Court to suppress all physical and testimonial evidence seized as a result of a traffic stop and arrest which occurred on December 14, 2021. (DN 16, *Motion to Suppress*). Tarter contends that the police did not have probable cause or reasonable suspicion to search his person. (*Id.*) He also claims that there were no legitimate concerns for officer safety or destruction of evidence presented by the circumstances of the stop. (*Id.*) Since the traffic stop and search of Mr. Tarter was based on requisite probable cause and reasonable suspicion this Court should deny the motion.

## FACTUAL BACKGROUND

In the early morning hours of December 14, 2021, Officer Jesse Bratcher of the Mount Washington Police Department stopped a 2000 Chevrolet Blazer, driven by Mr. Tarter, because it did not have a registration plate. (DN 20 *Transcript of Suppression Hearing* at 6-9, Page ID # 65). The Defendant admitted that the vehicle he was operating did not have a valid tag. (*Id.* at 17-19 Page ID #86). After the Blazer was pulled over, Officer Bratcher approached the vehicle and noted that the Defendant "appeared to be extremely nervous making fervent movements like within his immediate area around his waistband." (*Id.* at 15-17 Page ID #66). Inside the vehicle was a tablet device displaying pornography. (*Id.* at 6-12 Page ID #90). Officer Bratcher asked Mr. Tarter to

put down the cell phone which was in his hand, and which appeared to be attached to a charging cord which led down inside his pants. (*Id.* at 6-9 Page ID #67). The Defendant refused to put his cell phone down (*Id.*), a fact he admitted to, stating he wished to record the interaction because the officers did not have body cameras. (*Id.* at 8-11 Page ID #87 and 8-21 Page ID #88). When a back-up officer arrived, the Defendant was asked to exit the vehicle because the officers "believed he was either concealing some illegal contraband or possibly a weapon within his waistband." (*Id.* at 12-13 Page ID #67).

Due to this concern, Mr. Tarter was assisted out of his vehicle and placed in restraints after his refusal to comply. (*Id.* at 1-11 Page ID #68). One of the two back-up officers conducted a pat down search of the Defendant and felt a bulge in the crotch area, when the officers pulled up on the phone charger cord from his waistband, they discovered a large bag of suspected methamphetamine and suspected gabapentin pills was tied to the other end. (*Id.* at 12-17 Page ID #69). The Defendant claimed that the cord was tied to his penis to maintain an erection he achieved from watching pornography on the tablet in the vehicle. (*Id.* at 5-19 Page ID #90).

## ARGUMENT

**I.  THE POLICE OFFICERS HAD PROBABLE CAUSE TO STOP THE DEFENDANT AND REASONABLE SUSPICION TO SEARCH HIS PERSON.**

"In order to effect a traffic stop, an officer must possess either probable cause of a civil infraction or reasonable suspicion of criminal activity." *U.S. v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012) citing *Gaddis ex rel. Gaddis v. Redford Twp.*, 364 F.3d 763, 771 (6th Cir. 2004). Officer Bratcher pulled over Mr. Tarter's vehicle, because of the lack of a registration plate. (DN 20 *Transcript of Suppression Hearing* at 6-9, Page ID # 65). The Defendant does not dispute this, (*Id.* at 17-19 Page ID #86), therefore the initial stop of the vehicle was lawful.

2

When Mr. Tarter was ordered out of his vehicle and searched, the totality of the circumstances of the situation and his actions gave officers the requisite reasonable suspicion. "[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977). "Traffic stops are 'especially fraught with danger to police officers,' so an officer may need to take certain negligibly burdensome precautions in order to complete his mission safely." *Rodriguez v. U.S.,* 575 U.S. 348, 356 (2015) internal citation omitted. Officer Bratcher had stopped the Defendant at 2:46 a.m. in a neighborhood which he described as one that "kind of gets our attention." (DN 20 *Transcript of Suppression Hearing* at 4-7, Page ID # 65). Mr. Tarter was described as "extremely nervous", was making movements near the waistband of his pants, and was not following instructions to show the officer his hands by putting down his cell phone. (*Id.* at 15-17 Page ID #66 and 6-9 Page ID #67). When asked about the importance of being able to see a suspect's hands, Officer Bratcher said "hands can do a lot of damage." (*Id.* at 24 Page ID #65). Based on this, Officer Bratcher and his back up officers had legitimate concerns about their safety when they took the 'negligibly burdensome precaution' of having Mr. Tarter exit the vehicle[1].

After the Defendant was assisted in exiting the vehicle and placed in handcuffs, he was subjected to a pat down search of his waistband area. (*Id.* at 12-17 Page ID #69). His waistband area was the focus of his and the officers' attention due to his movements in the vehicle and the presence of the phone charging cord. Courts have long recognized the legitimacy of pat down

---

[1] Additionally, Officer Bratcher testified that he could not complete his investigation into the traffic offense until he had checked the VIN number which is located in the front part of the vehicle. Mr. Tarter would therefore have had to exit the vehicle regardless of any other circumstances in order for Officer Bratcher to finish his investigation. (*Id.* at 13-18 Page ID #74 and 3-11 Page ID #81).

3

searches conducted to confirm or deny the presence of weapons on a suspect. *Terry v. Ohio*, 392 U.S. 1 (1968). "The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Id.* at 29. "To justify a pat down of the driver or a passenger during a traffic stop … the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). Here, the Defendant was in a neighborhood with heightened police activity at 2 a.m.; acted "extremely nervous"[2] and made movements toward his waistband; refused directions to put down his cell phone and show officers his hands; displayed resistance when asked to exit the vehicle; and had a cell phone charging cord down his pants where he continued to reach his hands before being restrained. The totality of these circumstances show that the officers had a legitimate concern for what was in the waist band area of the Defendant's pants. The pat down search of Mr. Tarter was limited in scope to an area reasonably designed to discover any possible weapon. Ultimately, this Court has to answer the question "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Terry,* at 21-22 internal citation omitted. Given the proof heard in this case, the answer should be 'yes'.

## **CONCLUSION**

Wherefore, for the reasons stated above, and based on the evidence presented via testimony and exhibits at the suppression hearing, the United States respectfully requests that this Court deny the Defendant's motion to suppress.

---

[2] "Nervous behavior, standing alone, is not enough to justify a *Terry* search, nervousness is still relevant to the reasonable suspicion calculus." *U.S. v. Pacheco*, 841 F.3d. 384, 393 (6th Cir. 2016) internal citation omitted.

Respectfully Submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/ Joshua R. Porter*
Joshua R. Porter
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 779-2759 (office)
(502) 537-2038 (cell)
joshua.porter@usdoj.gov

# CERTIFICATE OF SERVICE

On January 31, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Joshua R Porter*
Assistant United States Attorney